## Livesay et al. v. Squires, Water Com'r, District No. 39.

*District Court of Garfield County, August 2, 1900.*

J. W. Dolleson for plaintiffs; S. G. McMullin and C. W. Darrow for defendant.

RUCKER, J., delivered the opinion of the court.

"This is an action in equity to enjoin the water commissioner from diverting the water of Roan Creek, in accordance with provisions of section 3 of chapter 105, Laws of 1899, which is as follows:

"It shall be lawful, however, for the owners of ditches and water rights taking water from the same stream, to to exchange with and loan to each other, for a limited time, the water to which each may be entitled, for the purpose of saving crops or of using the water in a more economical manner; Provided, that the owner or owners making such loan or exchange, shall give notice in writing signed by all the owners participating in said loan or exchange, stating that such loan or exchange has been made, and for what length of time the same shall continue, whereupon said water commissioner shall recognize the same in his distribution of water."

Under this section L. T. Stewart, acting as agent for the heirs of the Graff estate, who own a water right from Roan Creek, undertook to loan water to C. C. Hoppel, whose water right is from Kimball Creek, a tributary of Roan. This loan was approved by water commis-

sioner Squires, notwithstanding the protest of other users of Roan Creek water.

Samuel Livesay, James Armstrong, and others enjoined the commissioner from giving to Hoppel this water which they claimed should be allowed to flow into Roan Creek for the use of appropriators along that stream.

The motion to dissolve the injunction in this cause having been heard July 28, 1900, pursuant to notice, and argued by counsel, was taken under advisement.

Now at this day it appearing from the complaint that plaintiffs claim a vested right to use the waters flowing in and through Roan Creek by a decree of this court made on the 11th of May, A. D. 1889, under priority No. 70 as provided in said decree.

And it appearing that the defense and reason for motion to dissolve said injunction is based upon authority given to owners of ditches and water rights "to exchange and loan water for the purpose of saving crops or of using the water in a more economical manner," as provided in L. '99 ch. 105 § 3, approved April 6, 1899,

It is considered that to give said section force and effect in this cause it would be necessary to construe said section 3 of chapter 105, Laws '99, as retroactive in its operation.

Section 2 of article 2 of the constitution of Colorado, provides:

"That no *ex post facto* law impairing the obligation of contracts or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly."

It is considered that the general assembly intended that the authority given by said section 3, chapter 105, Laws '99, should be construed as prospective and operative *in futuro*.

Therefore, it being admitted that plaintiffs have a

vested right to the use of the waters of Roan Creek by virtue of a decree of this court entered May 11th, A. D. 1889, the authority of defendant to do the acts complained of by virtue of section 3, chapter 105, Laws '99, cannot be recognized as affecting rights adjudicated by any decree entered prior to April 6, 1899.

The motion to dissolve the said injunction will be overruled and defendant allowed his exceptions to this order.